JOHN S. LEONARDO
United States Attorney
District of Arizona
GAYLE L. HELART
Assistant U.S. Attorney
California Bar No. 151861
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: gayle.helart@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Anthony Marquez,<br>Defendant. | CR-15-760-PHX-DGC<br><br>**SENTENCING MEMORANDUM** |

The United States of America, by and through its undersigned attorneys, hereby files this Sentencing Memorandum in anticipation of the sentencing hearing currently scheduled for August 15, 2016. At sentencing, the government expects to request a sentence of probation, consistent with its recommendation in the Plea Agreement. Further, the government will request a probationary term of five years.

First, the government agrees that the advisory calculation in the Pre-Sentence Report was correctly calculated with an adjusted offense level of 11, a criminal history category V, and an advisory guideline range of 24-30 months. The government also acknowledges the Probation Officer's recommendation of 24 months. Nevertheless, for the reasons cited herein, the government requests this Court accept the terms of the Plea Agreement with its agreement to a probation sentence.

**Summary of the Facts:** Anthony Marquez was an inmate at FCI Phoenix who was released in October 2013. At the time of his release, investigators at the prison learned that he was planning on violating his supervised release and returning to FCI Phoenix in

order to bring narcotics into the prison. On January 23, 2014, Marquez returned to FCI Phoenix on a supervised release violation from his home state of New Mexico. He was placed into a dry cell. On January 27, 2014, four days later, BOP Investigator John Feeney talked with Marquez in the cell and warned him that if he did not have a bowel movement, he could harm himself. Investigator Feeney also told Marquez that anything inside of him would come out eventually. Shortly thereafter, Marquez had a bowel movement which contained a latex balloon with 4.93 grams of heroin.

On February 3, 2014, Marquez was interviewed by FBI Special Agent Ty Woods. Marquez was advised of and waived his rights. Marquez admitted he had received the heroin from an inmate in New Mexico and had "kestered" the balloon to get through the jail system's searches. He intended to sell the heroin once back at FCI Phoenix for money.

**Discussion regarding government's recommendation of probation:** The plea agreement calls for an agreed to term of probation. The parties will be free to argue the appropriate amount of probation at sentencing. The government requests this Court accept this negotiated range and this Plea Agreement, even though it is significantly lower than the advisory range and the Probation Officer's recommendation.

While the extent of the difference between a particular sentence and the recommended Guidelines range is relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). In *Gall*, the Supreme Court discussed a defendant's sentence of three years of probation given that the advisory sentencing guidelines called for incarceration of 30-37 months. *Id*. at 42. During its sentencing, the court had made a lengthy statement as to the reasons at sentencing, and filed a detailed sentencing memorandum further explaining its decision which incorporated the 3553(a) factors. *Id.* at 43. The Court of Appeals had reversed stating that the downward variance must be "proportional to the extent of the difference between the advisory range and the sentence imposed," and in this case the difference

would be a 100% downward variance without supported by extraordinary circumstances. The Supreme Court reversed the Court of Appeals decision and upheld the district court, rejecting the notion of an "extraordinary" test, and instead stating that the sentencing court should begin by correctly calculating the applicable Guidelines range which will provide the initial benchmark to provide consistency across the nation. *Id.* at 49. The sentencing court should hear the parties' arguments, and consider the § 3553(a) factors. *Id.* at 50. Ultimately, the sentencing court must make an individualized assessment based on the facts presented. "We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." After settling on an appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.*

The Ninth Circuit has reversed and remanded an alien reentry case where it found the district court's reasons for the within-guidelines sentence were procedurally reasonable, but substantively unreasonable for a particular defendant and his circumstances. In *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), the district court correctly calculated the guidelines and adequately explained the § 3553(a) factors when giving the 52 month sentence, which was within the 46-57 month advisory range. *Id.* at 1054. However, the Ninth Circuit still found that the district court's sentence failed to reflect the § 3553(a) considerations when considering that for this specific defendant's case: (1) the aggravated felony meriting the 16 level increase was 25 years old and well before the 1996 laws made it an aggravated felony; and (2) even though the defendant had struggled with substance addiction, he had no criminal offenses relating to this for 20 years.

In the current case, the government urges this Court to accept the parties' negotiated below-guidelines plea agreement. In coming to its terms, the government acknowledges that Marquez is a Criminal History V which includes a drug conviction and assault convictions, and that on this occasion, he attempted to smuggle 4.93 grams of heroin into a respected drug treatment BOP facility which he intended to sell.

Undersigned counsel also considered, however, that Marquez served his prison sentence on his supervised release violation between January 23, 2014 and September 10, 2014. He ended supervision completely on September 9, 2015. The indictment was brought forth approximately three months before his supervision expired. And, now the sentencing will be on August 15, 2016, about another year later still.

Many goals will be reached in this case with the result of a conviction and a five-year term of probation. On one hand, Marquez committed a serious offense by bringing in heroin to FCI Phoenix, a drug treatment facility, in order to sell it. On the other hand, factors outside of Marquez's control were that delay occurred in bringing the prosecution because of government personnel changing and lab work being completed. Now, the government recognizes the importance of Marquez staying involved with a relationship which produced a child who is now 11, achieving his commercial driver's license, and being gainfully employed. During his year of supervision, he was compliant with drug testing. A prison sentence now disrupts the flow of this success. A five-year term of probation, with reasonably related conditions of search and drug testing, will allow Marquez to continue on his positive path without hindering any of the significant goals he has reached and will encourage, not discourage, his own motivation to progress further. If he fails, a prison sentence would likely follow.

The government prays this Court accept this Plea Agreement and sentences Marquez according to its terms.

Respectfully submitted this 10th day of August, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/ Gayle L. Helart*
GAYLE L. HELART
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kristin Whitaker, *Attorney for defendant.*

*s/ Keona L. Ross*